UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE NEW YORK TIMES CO. AND CHARLIE SAVAGE FOR ACCESS TO CERTAIN DOCKETS, ORDERS, LEGAL BRIEFING, AND ARGUMENT TRANSCRIPTS ANCILLARY TO JANUARY 6 GRAND JURY PROCEEDINGS | Miscellaneous Case No. 22-100 (BAH)<br><br>(consolidated with No. 22-104) |

**UNITED STATES' SUPPLEMENTAL BRIEF IN RESPONSE TO
THE COURT'S FEBRUARY 7, 2023 ORDER**

The United States submits the following response to the Court's order directing the parties to file supplemental briefs addressing: (1) whether the Court has authority to unseal judicial opinions related to grand jury investigations in light of *McKeever v. Barr*, 920 F.3d 842 (D.C. Cir. 2019); and (2) if the Court does have authority to unseal such opinions after *McKeever*, (a) how that authority could be exercised where, as here, a petitioner seeks an alleged specific judicial opinion and related documents associated with a public Special Counsel investigation, or (b) whether "judicial decisions arising from grand jury matters garnering little to no press attention may necessitate fewer redactions to preserve grand jury secrecy than those judicial decisions arising from grand jury matters subject to intense press attention such that the latter decisions may not be released by the Court at all." *See* Minute Order (Feb. 7, 2023).

**1.**     The D.C. Circuit's decision in *McKeever* does not alter this Court's authority to unseal judicial opinions related to grand jury investigations, in whole or in part, where the information released does not reveal "a matter occurring before a grand jury." *See* Fed. R. Crim. P. 6(e)(6); *see also, e.g.*, *In re Grand Jury Subpoena, Judith Miller*, 493 F.3d 152, 154–55 (D.C. Cir. 2007) (ordering portions of opinion and other materials to be released but recognizing

1

that "[i]nsofar as materials concern still-secret grand jury matters, they must remain sealed"); *In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1138, 1140–41 (D.C. Cir. 2006) (similar); *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 504–05 (D.C. Cir. 1998) (similar).

Federal Rule of Criminal Procedure 6(e) and Local Criminal Rule 6.1 reflect this distinction between release of information that discloses matters occurring before the grand jury covered by Rule 6(e), which is not permitted, and release of information not covered by Rule 6(e), which is. Rule 6(e) "codifies the traditional rule of grand jury secrecy." *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 425 (1983). Consistent with this principle, the Rule mandates that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before the grand jury." Fed. R. Crim. P. 6(e)(6). Rule 6(e)(6) thus establishes a presumption of secrecy with respect to matters ancillary to grand jury proceedings, but recognizes that to the extent matters occurring before the grand jury become public through authorized means, those judicial materials may be unsealed. Local Criminal Rule 6.1 embodies these same principles. The Local Rule mandates that "motion[s] or application[s]," response or reply briefs, and court orders entered in connection with "matter[s] occurring before a grand jury" be filed under seal. LCrR 6.1. But it also authorizes a district court, sua sponte or in response to a motion, to make public covered "[p]apers, orders, and other transcripts," exclusively "upon a finding that continued secrecy is not necessary to prevent disclosure of matters occurring before the grand jury." *Id.*

D.C. Circuit case law confirms courts' ability to release judicial decisions that do not reveal information protected under Rule 6(e)—and their obligation under Rule 6(e)(6) to maintain under seal information that would reveal secret grand jury matters. For example, in *In re Grand Jury Subpoena, Judith Miller*, the D.C. Circuit ordered the release of portions of an opinion it

2

determined were no longer covered by Rule 6(e) because the information had been disclosed in an indictment, but held that other portions "unquestionably remain[ed] grand jury material that Rule 6(e) obligates us to maintain under seal."  438 F.3d at 1141; *see also In re Grand Jury Subpoena, Judith Miller*, 493 F.3d at 154–55 (similar).  The unsealing analysis in the D.C. Circuit therefore turns upon whether the material sought to be disclosed would reveal information protected under Rule 6(e).[1]  *See id.*  If not, all or part of those materials may be unsealed pursuant to Rule 6(e)(6) and Local Criminal Rule 6.1.  "Insofar as materials concern still-secret grand jury matters, they must remain sealed."  *In re Grand Jury Subpoena, Judith Miller*, 493 F.3d at 155.

The D.C. Circuit's decision in *McKeever* did not alter this framework.  As the Court is aware, the question presented there was whether a court had "inherent authority to disclose historically significant grand jury matters"; the D.C. Circuit concluded that a district court's authority "to order disclosure of grand jury matter" was confined to "the enumerated exceptions" in Rule 6(e).  *See McKeever*, 920 F.3d at 225, 227.  *McKeever* did not consider the contours of a district court's ability to unseal judicial records ancillary to, and non-revelatory of, grand jury proceedings.  It is true that, in the broadest sense, all judicial opinions resulting from a grand jury matter arguably reflect something that happened before the grand jury.  It is also true, however, that once an opinion is stripped of specific information reflecting matters occurring before the grand jury, it may be possible to disclose some portions of the opinion without revealing such

---

[1] Although "Rule 6(e) does not create a type of secrecy which is waived once public disclosure occurs," the D.C. Circuit has held that information that is "sufficiently widely known" may "los[e] its character as Rule 6(e) material."  *Dow Jones*, 142 F.3d at 505 (quoting *In re North*, 16 F.3d 1234, 1245 (D.C. Cir. 1994)).  The D.C. Circuit has found that information was so widely known as to lose its character as Rule 6(e) material in two situations: (1) where a grand jury witness widely publicized it, *see, e.g.*, *In re Grand Jury Subpoena, Judith Miller*, 493 F.3d at 154–55; *Dow Jones*, 142 F.3d at 505; or (2) where there have been other types of governmental disclosures, such as release of reports under the former independent counsel statute, *see In re North*, 16 F.3d at 1245.

3

information.  Nothing in *McKeever* or Rule 6(e) precludes such an analysis.

2. Although a district court has the authority to unseal portions of judicial opinions where doing so would not reveal a matter occurring before the grand jury, the D.C. Circuit has recognized that "matters occurring before the grand jury" may be so "woven tightly into . . . ancillary proceedings" that no such material can be released. *Dow Jones*, 142 F.3d at 505; *see also In re North*, 16 F.3d at 1242 (acknowledging that "redaction is simply not possible" in some circumstances).  Thus, determining whether any portion of a judicial opinion ancillary to an alleged grand jury proceeding may be released is a fact-bound inquiry that may result in a determination that no material may be released at all, or that no material may be released at that time.

Matters "occurring before the grand jury" encompass all "information that would 'tend to reveal some secret aspect of the grand jury's investigation, including the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, or the deliberations or questions of jurors." *Bartko v. U.S. Dep't of Justice*, 898 F.3d 51, 73 (D.C. Cir. 2018) (quoting *Hodge v. FBI*, 703 F.3d 575, 580 (D.C. Cir. 2018)).  Rule 6(e) also covers "the fact that [a witness] was subpoenaed to testify," "the fact that he invoked [a] privilege in response to questions," and "the nature of the questions asked." *Dow Jones*, 142 F.3d at 501.  In certain circumstances, revealing even the fact that a particular motion was filed, or an opinion was issued, would disclose a matter occurring before the grand jury. *See id.* at 505 (recognizing that the release of redacted materials ancillary to a grand jury could impermissibly "confirm the identity of a person the grand jury had subpoenaed").

In applying this analysis, the degree of attention paid to a matter may affect whether disclosure of a particular piece of information would reveal a matter occurring before the grand jury.  In assessing whether disclosure of even redacted ancillary materials would reveal a matter

4

occurring before the grand jury, the Court would consider the nature and extent of information already available. Where an alleged matter ancillary to an alleged grand jury investigation has been the subject of significant speculation or reporting in the press,[2] it may not be possible to unseal any portion of requested materials without violating Rule 6(e). *See Dow Jones*, 142 F.3d at 505 (acknowledging that "sometimes 'redaction is simply not possible'" (quoting *In re North*, 16 F.3d at 1242)).

Nor is that anomalous in light of the values protected by the longstanding tradition of grand jury secrecy. For example, prospective witnesses would be even less likely to come forward, or to provide fulsome testimony, in a high-profile matter if they believed it was likely that the fact of, or substance of, their testimony might be disclosed. *See, e.g., Douglas Oil Co. v. Petrol Stops N.W.*, 441 U.S. 211, 218 (1979). Moreover, there is a far greater risk in a high-profile matter that any disclosure by a court might reveal or confirm that unindicted individuals were under investigation by a grand jury, which would harm their reputational and privacy interests without providing them any forum in which to clear their names. *See id.* This Court has recognized a similar principle in a different context, observing that redactions are not always adequate to protect the interests served by secrecy where a matter is the subject of intense media scrutiny. *See In re Application of WP Co.*, 201 F. Supp. 3d 109, 128 (D.D.C. 2016) (concluding that "due to the degree of media scrutiny" associated with a request for search warrant materials, "redaction of the requested materials [would be] insufficient to protect adequately the compelling privacy, reputational, and due process interests identified by the government" and ordering "full closure of the sealed warrant materials"). Thus, to advance the policy goals underlying grand jury secrecy,

---

[2] The D.C. Circuit has distinguished the types of disclosures that may cause information to lose its Rule 6(e) character, such as widespread disclosure by a grand jury witness, from speculation in "press reports relying on unnamed sources." *See Dow Jones*, 142 F.3d at 505.

it may well be necessary for a court to more frequently decline to release judicial opinions ancillary to grand jury investigations in matters that are the subject of intense press attention as opposed to matters that have attracted little public attention.[3]

Dated:  February 13, 2023                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Civil Division, Federal Programs Branch

*/s/ Leslie Cooper Vigen*
LESLIE COOPER VIGEN
Trial Attorney (DC Bar No. 1019782)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel:  (202) 305-0727
Fax:  (202) 616-8470
Email:  leslie.vigen@usdoj.gov

*Counsel for the United States*

---

[3] The United States does not purport to address the specifics of Applicants' request in this filing and nothing in this brief should be read to specifically reference, or to confirm or deny, any alleged grand jury investigation.