**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF THE NEW YORK TIMES COMPANY AND CHARLIE SAVAGE FOR ACCESS TO CERTAIN DOCKETS, ORDERS, LEGAL BRIEFING, AND ARGUMENT TRANSCRIPTS ANCILLARY TO JANUARY 6 GRAND JURY PROCEEDINGS | Case No. 1:22-mc-00100-BAH  Chief Judge Beryl A. Howell |

**APPLICANTS' SUPPLEMENTAL BRIEFING IN RESPONSE
TO THE COURT'S FEBRUARY 7, 2023 MINUTE ORDER**

Pursuant to the Court's Minute Order of February 7, 2023 (the "Minute Order"), Applicants The New York Times Company, its journalist Charlie Savage, POLITICO LLC, and its journalist Kyle Cheney respectfully submit this supplemental brief in further support of their application for access "to dockets, court opinions and orders, legal briefing, and argument transcripts, including such materials regarding the scope of executive privilege invoked by former President Donald J. Trump or former Trump Administration officials" in any judicial proceeding(s) ancillary to the grand jury investigation(s) into the 2020 presidential election and the January 6, 2021 certification of that election's results. *See* Appl. for Access (Dkt. No. 1) at 1.

**I.      The Court Has Authority To Unseal Judicial Records Ancillary To The Grand Jury**

The Court has inquired about its "authority to unseal judicial opinions, in whole or in part, related to grand jury investigations, whether ongoing or closed, under either Federal Rule of Criminal Procedure 6 or Local Criminal Rule 6.1, given the holding in *McKeever v. Barr*, 920 F.3d 842 (D.C. Cir. 2019), that disclosures of matters occurring before the grand jury are restricted to the enumerated list in Federal Rule of Criminal Procedure 6(e)(3)(E), and that Rule 6(e)(1) and (2) do not authorize a court to unseal matters before a grand jury, even though Judges are not included on the list of 'persons [who] must not disclose a matter occurring before the

grand jury.'"  *See* Minute Order at (1).  The D.C. Circuit acknowledged that very authority,

arising out of Rules 6(e)(5) and 6(e)(6), in *In re Motions of Dow Jones & Co.*, 142 F.3d 496

(D.C. Cir. 1998), and *McKeever* did not hold otherwise.  Indeed, it did not even reach that issue.

In *Dow Jones*, as here, the press requested access to records of judicial proceedings

involving or adjudicating claims of privilege asserted in the context of a grand jury investigation

into possible presidential misconduct.  The D.C. Circuit stated that "there is no First Amendment

right of access to grand jury proceedings" themselves, and that Rule 6(e)(2) further provides that

"[g]rand jurors, prosecutors, stenographers and others are forbidden from disclosing 'matters

occurring before the grand jury.'"  *Id.* at 499.  Yet as the D.C. Circuit also acknowledged, *see id.*

at 500, for judicial proceedings *ancillary* to the grand jury, Rules 6(e)(5) and 6(e)(6) authorize

the district court to provide public access to court hearings and records so long as such access

does not cause the "disclosure of matters occurring before a grand jury."  The D.C. Circuit went

so far as to instruct that "if the Chief Judge *can* allow some public access" to ancillary

proceedings "without risking disclosure of grand jury matters," then the Federal Rules

"contemplate[] that this *shall* be done."  *Id.* at 502 (emphasis added).  The D.C. Circuit further

noted that the Local Rules additionally provide for the public release of "[p]apers, orders,

transcripts of hearings . . . , or portions thereof" that are judicial records "in connection with a

grand jury subpoena or other matter occurring before a grand jury" upon a finding that

"continued secrecy is not necessary to prevent disclosure of matters occurring before the grand

jury."  *Id.* at 500 (quoting the predecessor to LCrR 6.1).

*McKeever* does not diminish that authority.  There, the D.C. Circuit addressed a request

for "all the grand jury testimony and records" concerning a particular indictment—*i.e.*, for

records that were clearly "matter[s] occurring before the grand jury" and thus were

presumptively subject to the secrecy regime of Rule 6(e)(2).  *McKeever*, 920 F.3d at 843-44.

The D.C. Circuit affirmed the denial of that request, holding that "the district court has no

authority outside Rule 6(e) to disclose [such] grand jury matter."  *Id.* at 850.  In doing so, the

appellate court never addressed, let alone diminished, the district court's authority under Rule

6(e) to release judicial records *ancillary* to the grand jury where all of the information in those

records still subject to grand jury secrecy rules is properly redacted.

Because Rules 6(e)(5) and 6(e)(6) empower the district court to unseal proceedings and

records ancillary to the grand jury as long as any still-secret grand jury information contained

therein is redacted—an authority recognized in *Dow Jones* and left untouched in *McKeever*—this

Court should exercise that authority, grant this application, and unseal these ancillary records.

II.     **This Court Has Authority To Unseal Judicial Records With Redactions To
        Protect Matters Before The Grand Jury**

The Court's second question focuses on the fact that Applicants are seeking to unseal

judicial records in proceedings ancillary to a grand jury whose subject is already well known: the

January 6, 2021 attack on the U.S. Capitol and related efforts to overturn the 2020 presidential

election.  Specifically, the Court has asked for briefing addressing (a) how, in harmony with

*McKeever*, the Court may unseal such judicial records without revealing protected information

about the inner workings of the grand jury, and (b) "whether, ironically, judicial decisions arising

from grand jury matters garnering little to no press attention may necessitate fewer redactions to

preserve grand jury secrecy than those judicial decisions arising from grand jury maters subject

to intense press attention such that the latter decisions may not be released by the Court at all."

*See* Minute Order at (2).  Applicants respectfully submit that the D.C. Circuit already has

answered those questions in a line of cases that *McKeever* did not overturn, either implicitly or

explicitly.  Under that precedent, courts may unseal grand jury-related judicial records with

redactions to protect specific "matters before the grand jury" such as "the identities of witnesses or jurors, the substance of testimony . . . the strategy or direction of the investigation, the deliberations or questions of jurors, and the like." *Dow Jones*, 142 F.3d at 500.

The holding in *McKeever* does not affect the settled practice of releasing redacted judicial records of proceedings ancillary to a grand jury. In *McKeever*, the D.C. Circuit emphasized the fact that the grand jury records whose secrecy is mandated by Rule 6(e) are at all times held by "the Government" (*i.e.*, prosecutors from the Executive Branch), not the courts. 920 F.3d at 847-48 & n.3. The *McKeever* panel said that its decision did not conflict with previous cases in which courts allowed grand jury information to be used in the course of court cases and impeachment hearings under the judicial proceedings exemption in Rule 6(e). *Id.* Here, too, any information regarding matters before the grand jury was disclosed to the Court pursuant to the judicial proceedings exception, and the records Applicants seek are unquestionably *judicial* records over which this Court has inherent authority.

This Court's observation that the judicial records at issue in this case are "in connection with a publicly announced Special Counsel investigation" disposes of part (a) of its second question. *See* Minute Order at (2). The D.C. Circuit has repeatedly affirmed—and itself engaged in—the practice of releasing judicial records of proceedings ancillary to well-publicized grand juries with redactions to protect the still-secret inner workings of those grand juries. A prime example is *In re Sealed Case No. 99-3091*, 192 F.3d 995 (D.C. Cir. 1999), which also involved a grand jury hearing evidence about the actions of a president. That case involved contempt proceedings against the Office of Independent Counsel Kenneth Starr where one of its prosecutors spoke to *The Times* about prosecutors' discussions of whether to indict then-President Bill Clinton for, among other things, allegedly lying to the grand jury. 192 F.3d at

4

997-98.  The Court of Appeals released that decision with some redactions to protect grand jury

material, *id.*, and went on to hold that what the OIC had told *The Times* was *not* the type of

material that would "elucidate the inner workings of the grand jury," and therefore the prosecutor

did not violate Rule 6(e), *id.* at 1001-02.  The court noted that although generally information

such as the identity of a witness who testified before a grand jury would be a secret, the OIC had

not "disclosed" that President Clinton had testified because his "status as a witness before the

grand jury was a matter of widespread public knowledge," including because Clinton himself

had announced that fact.  *Id.* at 1004.

Here, the existence and subject matter of the grand jury at issue has been publicly known

for more than a year, and the Justice Department acknowledged it in announcing the appointment

of Special Counsel John L. Smith.  *See* U.S. Dep't of Justice Order No. 5559-2022, *Appointment

of John L. Smith as Special Counsel* (Nov. 18, 2022), https://www.justice.gov/opa/press-release/file/1552896/download (announcing special counsel's authorization "to conduct the

ongoing investigation into whether any person or entity violated the law in connection with

efforts to interfere with the lawful transfer of power following the 2020 presidential election or

the certification of the Electoral College vote held on or about January 6, 2021").  That

announcement also stated that Smith was authorized to continue the investigation of classified

documents found at former President Trump's Florida home, which involved grand jury

subpoenas that the former president publicly announced and the existence of which this Court

authorized the Justice Department to make public.  *Id.*, *see also* U.S. Resp. to Mot. for Jud.

Oversight & Additional Relief, *Trump v. United States*, No. 9:22-cv-81294-AMC (S.D. Fla.)

(filed Aug. 30, 2022) (Dkt. 48) at 7 & n.2.  The existence of this grand jury, and the facts that the

grand jury has issued subpoenas to witnesses including the former president and heard testimony

from other identified witnesses, therefore are no longer secrets subject to Rule 6(e).  Just as the

D.C. Circuit could properly discuss proceedings ancillary to the Clinton grand jury while

redacting still-secret details of what occurred before that grand jury, so too may this Court

release, with appropriate redactions, the judicial records at issue in this proceeding ancillary to a

publicly acknowledged grand jury.

For the same reasons, the answer to part (b) of this question is that judicial records

regarding proceedings ancillary to highly publicized grand juries absolutely can be made public,

provided that they are redacted to remove references to matters before the grand jury.  More

specifically, this Court may release judicial records of such an ancillary proceeding so long as

secret information such as the identities of grand jury witnesses or the targets of grand jury

subpoenas are redacted—and this is true even where the news media has reported the identities

of those witnesses or subpoena recipients.  The first case cited in this portion of the minute order,

*In re Sealed Case*, 932 F.3d 915 (D.C. Cir. 2019), is a perfect example.  That case involved three

Chinese banks' challenges to grand jury subpoenas and a Patriot Act subpoena issued in

connection with an ongoing investigation of the evasion of sanctions against North Korea.

932 F.3d at 918-19.  The D.C. Circuit's ruling redacted the names and other information about

the three banks, *id.* at 919, despite the fact that the *Washington Post* and other media outlets

named the banks after this Court's initial ruling in that matter (which also redacted the banks'

names).  *See* Spencer S. Hsu, *Chinese bank involved in probe on North Korean sanctions and

money laundering faces financial 'death penalty,'* The Washington Post (June 24, 2019),

https://www.washingtonpost.com/local/legal-issues/chinese-bank-involved-in-probe-on-north-

korean-sanctions-and-money-laundering-faces-financial-death-penalty/2019/06/22/0ccef3ba-

81be-11e9-bce7-40b4105f7ca0_story.html.

As this Court observed, it would be ironic indeed if the fact that a grand jury was the subject of widespread public attention meant that records of proceedings ancillary to that grand jury would have to be kept secret, while similar proceedings regarding obscure grand juries could be made public with redactions.  Fortunately, that is not what *McKeever* requires.

In sum, the facts that this grand jury exists and is hearing evidence related to attempts to overturn the 2020 presidential election—and has already issued subpoenas to witnesses including former President Trump—is no secret that requires protection.  To the contrary, the grand jury's existence and subject matter has been publicly acknowledged by the Attorney General, and this Court and others have already allowed the existence of and disputes related to this grand jury's subpoenas to be aired publicly.  To reiterate, Applicants are *not* seeking any information that would reveal the inner workings of this grand jury and agree that such information can and should be redacted under *McKeever*.  But the judicial records of the dispute regarding the scope of executive privilege can and should be made public.  This issue is too important to our democracy to remain in the shadows.

Dated:  February 13, 2023

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Chad R. Bowman*
Chad R. Bowman (#484150)
Matthew E. Kelley (#1018126)
Maxwell S. Mishkin (#1031356)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
bowmanchad@ballardspahr.com
kelleym@ballardspahr.com
mishkinm@ballardspahr.com

*Counsel for Applicants*