**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE APPLICATION OF THE NEW YORK TIMES CO. AND CHARLIE SAVAGE FOR ACCESS TO CERTAIN DOCKETS, ORDERS, LEGAL BRIEFING, AND ARGUMENT TRANSCRIPTS ANCILLARY TO JANUARY 6 GRAND JURY PROCEEDINGS** | **Miscellaneous Case No. 22-100 (BAH)** <br><br> **(consolidated with No. 22-104)** <br><br> **EX PARTE AND UNDER SEAL** |

**UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES**
**IN OPPOSITION TO APPLICATION OF THE NEW YORK TIMES CO. AND**
**CHARLIE SAVAGE FOR ACCESS TO CERTAIN DOCKETS, ORDERS,**
**LEGAL BRIEFING, AND ARGUMENT TRANSCRIPTS**
**ANCILLARY TO JANUARY 6 GRAND JURY PROCEEDINGS**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................ 1

BACKGROUND ............................................................................................................... 3

A.　████████████████ ............................................................. 3

B.　The Applications for Access .................................................... 6

ARGUMENT ................................................................................................................... 7

A.　Materials Ancillary to Grand Jury Proceedings May Not Be Disclosed Where Disclosure Would Reveal Matters Occurring Before the Grand Jury. ............................... 7

B.　Continued Sealing Is Required Here to Prevent Disclosure of Matters Occurring Before the Grand Jury. .................................................. 12

C.　Even If Disclosure Were Permitted, the Court Should Decline to Exercise Its Discretion to Release Even Redacted Versions of the Requested Materials. ................... 15

CONCLUSION .................................................................................................................. 19

# TABLE OF AUTHORITIES

## Cases

*Barry v. United States*,
    740 F. Supp. 888 (D.D.C. 1990) ........................................................... 10

*Bartko v. U.S. Dep't of Justice*,
    898 F.3d 51 (D.C. Cir. 2018) ................................................................. 9

*Boyd v. Crim. Div. of U.S. Dep't of Justice*,
    475 F.3d 381 (D.C. Cir. 2007) ........................................................ 16, 17

*Branzburg v. Hayes*,
    408 U.S. 665 (1972) .............................................................................. 7

*Ctr. for Nat'l Sec. Studies v. U.S. Dep't of Justice*,
    331 F.3d 918 (D.C. Cir. 2003) ............................................................. 17

*CREW v. Dep't of Justice*,
    746 F.3d 1082, (D.C. Cir. 2014) .......................................................... 18

*Douglas Oil Co. v. Petrol Stops N.W.*,
    441 U.S. 211 (1979) .................................................................... 7, 8, 11

*Gannett Co. v. DePasquale*,
    443 U.S. 368 (1979) ............................................................................ 18

*Hodge v. FBI*,
    703 F.3d 575 (D.C. Cir. 2018) ............................................................. 9

* *In re Application of WP Co.*,
    201 F. Supp. 3d 109 (D.D.C. 2016) ......................................... 11, 13, 18

*In re EyeCare Physicians of Am.*,
    100 F.3d 514 (7th Cir. 1996) ............................................................... 17

*In re Grand Jury Subpoena No. 7409*,
    2019 WL 2169265 (D.D.C. Apr. 1, 2019) ............................................. 8

*In re Grand Jury Subpoena, Judith Miller*,
    438 F.3d 1141 (D.C. Cir. 2006) ............................................................ 8

* *In re Grand Jury Subpoena, Judith Miller*,
    493 F.3d 152 (D.C. Cir. 2007) ................................................. 10, 11, 14

*In re L.A. Times Commc'ns LLC*,
    --- F. Supp. ----, 2022 WL 3714289 (D.D.C. Aug. 29, 2022).................................................... 17

\* *In re Mots. of Dow Jones & Co.*,
    142 F.3d 496 (D.C. Cir. 1998) .......................................................................... *passim*

\* *In re North*,
    16 F.3d 1234 (D.C. Cir. 1994) ..................................................................... 9, 10, 11

*In re Sealed Case*,
    192 F.3d 995 (D.C. Cir. 1999) ........................................................................... 10

*In re Sealed Case*,
    199 F.3d 522 (D.C. Cir. 2000) ..................................................................... 8, 9, 15

*Judicial Watch v. Tillerson*,
    270 F. Supp. 3d 1 (D.D.C. 2017) ....................................................................... 11

*McKeever v. Barr*,
    920 F.3d 842 (D.C. Cir. 2019) ...................................................................... 7, 8, 12

*United States v. Philip Morris USA Inc.*,
    287 F. Supp. 2d 5 (D.D.C. 2003) ....................................................................... 15

*United States v. Sealed Search Warrants*,
    868 F.3d 385 (5th Cir. 2017) ............................................................................ 17

*United States v. Sells Eng'g*,
    463 U.S. 418 (1983) .............................................................................. 3, 7, 15, 18

*United States v. Williams*,
    504 U.S. 36 (1992) ...................................................................................... 7

**Statutes and Rules**

5 U.S.C. § 551 ..................................................................................... 17

Fed. R. Crim. P. 6 ........................................................................... *passim*

LCrR 6.1 ....................................................................................... *passim*

**Other Authorities**

JUSTICE MANUAL § 1-7.400 ................................................................ 16

## INTRODUCTION

Two members of the media and their employer media organizations (collectively, the Applicants) urge this Court █████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████. ████████████████████████

████████████████████████████████████████████████████

████████████████████████████████ ███████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████ ██████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████

As an initial matter, Local Criminal Rule 6.1 permits disclosure of materials ancillary to a grand jury proceeding only where continued sealing "is not necessary to prevent disclosure of

---

[1] ████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████

matters occurring before the grand jury."  That standard is not satisfied here. ████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████

        ████████████████████████████████████████████████████████████

████████████████████████████████████  ████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████  ████████████████

████████████████████████████████████████████████████████████████████

████████████████████████  ████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████

        But even if the Court were to find it had discretion under Local Rule 6.1 to release redacted

versions of the materials requested, compelling reasons would require it to decline to exercise that

discretion. ███████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████████████████ The application should be denied.

## BACKGROUND

A. ████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████████████████████████████████ █

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████ The most that the Justice Department has

said publicly was the high-level confirmation by Deputy Attorney General Lisa Monaco, nearly

11 months ago, that the Department had received referrals regarding the fraudulent certifications

created in connection with a scheme concerning false electors and that "prosecutors are looking at

those." *See* Evan Perez and Tierney Sneed, *Exclusive: Federal prosecutors looking at 2020 fake

elector certifications, deputy attorney general tells CNN*, CNN (Jan. 26, 2022, 6:56 PM),

https://perma.cc/65HG-84NN.

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

---

[2] ████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████   ██████████

█████████████████████████████████████████

### B.  The Applications for Access

On October 18, 2022, Kyle Cheney, a reporter for Politico, sent a letter to the Court seeking public disclosure of materials related to "Former president Trump's June 10, 2022 action . . . related to two grand jury subpoenas: 22-GJ-060991378 and 22-GJ-060991380," any responses or replies related to this purported action, and "[t]he court's September 28, 2022 order adjudicating this challenge."  *In re Application of Politico and Kyle Cheney to Unseal All Documents Related to the January 6 Grand Jury Investigation*, Case No. 22-mc-104, Dkt. No. 1 at 1.  The letter posited that the records could be unsealed "with redactions as needed to protect the privacy interests of the named individuals and to address the Justice Department's criminal investigative prerogatives," due to the constitutional import of and the public interest in the legal issues at play.  *Id.*

On October 25, 2022, The New York Times Company and Charlie Savage, a journalist for *The New York Times*, filed an application seeking "access to redacted versions of any dockets, court opinions or orders, legal briefing, and argument transcripts ancillary to" the grand jury investigation related to attempts to obstruct the certification of the 2020 presidential election results, focusing on "materials regarding the scope of the executive privilege invoked by former President Donald J. Trump or former Trump Administration officials."  Mem. in Supp. of App. of The New York Times Co. at al. at 3, Dkt. No. 1 (Mem.).  The application concedes that public

release of any materials that "disclose 'matters occurring before a grand jury'" would be disallowed under Rule 6(e).  *Id.* at 2 (quoting *McKeever v. Barr*, 920 F.3d 842 (D.C. Cir. 2019)). But it argues that, in light of public reporting on the privilege dispute and the national interest in these issues, grounds exist pursuant to Local Criminal Rule 6.1 for the Court to make "a finding that continued secrecy is not necessary to prevent disclosure of matters occurring before the grand jury," and to exercise its discretion to release redacted portions of materials related to the privilege dispute concerning the former President.  *See id.*

On October 26, 2022, the Court entered a minute order consolidating the two cases, ordering the government to file any response by November 15, 2022, and ordering the Applicants to file any reply by November 29, 2022.

## ARGUMENT

### A.  Materials Ancillary to Grand Jury Proceedings May Not Be Disclosed Where Disclosure Would Reveal Matters Occurring Before the Grand Jury.

The federal grand jury occupies a unique and important position in our criminal justice system.  "It serves the 'dual function of determining if there is probable cause to believe that a crime has been committed and of protecting citizens against unfounded criminal prosecutions.'" *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 423 (1983) (quoting *Branzburg v. Hayes*, 408 U.S. 665, 686–87 (1972)).  Accordingly, it "serv[es] as a kind of buffer or referee between the Government and the people."  *United States v. Williams*, 504 U.S. 36, 47 (1992).  To fulfill this important role, the grand jury has "always" been afforded "extraordinary powers of investigation" and "great responsibility for directing its efforts."  *Sells Eng'g*, 463 U.S. at 423.

The Supreme Court "consistently [has] recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings."  *Douglas Oil Co. v. Petrol Stops N.W.*, 441 U.S. 211, 218 (1979).  There is no First Amendment or common law right to access

matters occurring before the grand jury or matters ancillary to grand jury proceedings.  *See In re Mots. of Dow Jones & Co.*, 142 F.3d 496, 500–04 (D.C. Cir. 1998).  Instead, both "grand jury proceedings and related matters operate under a strong presumption of secrecy."  *In re Sealed Case*, 199 F.3d 522, 526 (D.C. Cir. 2000).  This rule of secrecy is "so well established" that the D.C. Circuit has noted "a plethora of authority recognizing that the grand jury context presents an unusual setting where privacy and secrecy are the norm."  *In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1141, 1150 (D.C. Cir. 2006) (quoting *In re Sealed Case*, 199 F.3d at 526).  Grand jury secrecy is crucial to "safeguard[ing] vital interests," including "(1) preserving the willingness and candor of witnesses called before the grand jury; (2) not alerting the target of an investigation who might otherwise flee or interfere with the grand jury; and (3) preserving the rights of a suspect who might later be exonerated."  *McKeever v. Barr*, 920 F.3d 842, 844 (D.C. Cir. 2019) (citing *Douglas Oil*, 441 U.S. at 219).  The existence of an ongoing investigation "only heightens the need for maintaining grand jury secrecy," so that the investigation may be conducted "out of the public eye and with the full cooperation of witnesses who have no fear their role in the investigation will be lightly disclosed."  *In re Grand Jury Subpoena, Judith Miller*, 438 F.3d at 1141.

The expectation of grand jury secrecy is reflected in both the Federal Rules of Criminal Procedure and the Local Criminal Rules of this District.  *See In re Grand Jury Subpoena No. 7409*, 2019 WL 2169265, at *2 (D.D.C. Apr. 1, 2019).  Federal Rule of Criminal Procedure 6(e) prohibits virtually every person privy to grand jury proceedings—but not witnesses or their counsel—from "disclos[ing] a matter occurring before the grand jury."  Fed. R. Crim. P. 6(e)(2)(B).  Covered individuals include grand jurors, interpreters, court reporters, and attorneys for the government.  *See id.*  Rule 6(e) requires that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized

disclosure of a matter occurring before the grand jury." *Id.* at 6(e)(6). Matters "occurring before the grand jury" encompass all "information that would 'tend to reveal some secret aspect of the grand jury's investigation, including the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, or the deliberations or questions of jurors." *Bartko v. U.S. Dep't of Justice*, 898 F.3d 51, 73 (D.C. Cir. 2018) (quoting *Hodge v. FBI*, 703 F.3d 575, 580 (D.C. Cir. 2018)). Rule 6(e) also covers "the fact that [a witness] was subpoenaed to testify" and "the fact that he invoked [a] privilege in response to questions." *Dow Jones*, 142 F.3d at 501.

Local Criminal Rule 6.1 also establishes a presumption of secrecy with respect to matters ancillary to grand jury proceedings, but provides district courts discretion to release information that would not reveal Rule 6(e) material. The Local Rule mandates that "motion[s] or application[s]," response or reply briefs, and court orders entered in connection with "matter[s] occurring before a grand jury" be filed under seal. LCrR 6.1. It also requires that "[a]ll hearings on matters affecting a grand jury proceeding shall be closed," except contempt proceedings in certain circumstances. *Id.* Local Rule 6.1 authorizes a district court to, sua sponte or in response to a motion, make public covered "[p]apers, orders, and other transcripts," but only "upon a finding that continued secrecy is not necessary to prevent disclosure of matters occurring before the grand jury." *Id.* Where a party makes a request for materials ancillary to grand jury proceedings, the district court is to "duly consider the request" and "if it denies the request, offer some explanation." *In re Sealed Case*, 199 F.3d at 523. The D.C. Circuit has recognized that "matters occurring before the grand jury" may be so "woven tightly into . . . ancillary proceedings" that no such material can be released. *Dow Jones*, 142 F.3d at 505; *see also In re North*, 16 F.3d at 1242 (acknowledging that "redaction is simply not possible" in some circumstances).

"Rule 6(e) does not create a type of secrecy which is waived once public disclosure occurs." *Dow Jones*, 142 F.3d at 505 (quoting *In re North*, 16 F.3d 1234, 1245 (D.C. Cir. 1994)). For example, "when the media reports information alleged to be grand jury material, 'the government is obligated to stand silent' and not confirm the information, whether it is accurate or not." *In re North*, 16 F.3d at 1245 (quoting *Barry v. United States*, 740 F. Supp. 888, 891 (D.D.C. 1990)). The D.C. Circuit has held that information that is "sufficiently widely known" may "los[e] its character as Rule 6(e) material." *Dow Jones*, 142 F.3d at 505 (quoting *In re North*, 16 F.3d 1234, 1245 (D.C. Cir. 1994)). But even where certain material has lost its Rule 6(e) character as a result of extensive disclosures, the D.C. Circuit has made clear that such disclosures do not operate as a categorical waiver of all materials associated with the grand jury investigation at issue. Instead, all grand jury matters that remain secret retain their Rule 6(e) status. *See, e.g.*, *In re Grand Jury Subpoena, Judith Miller*, 493 F.3d 152, 155 (D.C. Cir. 2007) (unsealing materials "only to the extent they have been previously revealed"); *Dow Jones*, 142 F.3d at 505 (same).

The D.C. Circuit has found that information was so widely known as to lose its character as Rule 6(e) material in two situations: (1) where a grand jury witness widely publicized it; or (2) where there have been other types of governmental disclosures, such as release of reports under the former independent counsel statute. For example, in *Dow Jones*, the identity of a person who received a grand jury subpoena was no longer protected by Rule 6(e) where that person's counsel "virtually proclaimed from the rooftops that his client had been subpoenaed to testify before the grand jury." 142 F.3d at 505; *see also In re Sealed Case*, 192 F.3d 995, 1004 (D.C. Cir. 1999) (President Clinton's status as a grand jury witness no longer protected under Rule 6(e) where "the President himself went on national television the day of his testimony to reveal this fact"). In *In re North*, Rule 6(e) material lost its protected character where independent counsel included a

significant amount of it in a report to Congress and it was then extensively reported upon by the media.   16 F.3d at 1244–45; *see also Judicial Watch v. Tillerson*, 270 F. Supp. 3d 1, 6 (D.D.C. 2017) (information lost its Rule 6(e) character where "the Government [had] already revealed that it issued grand-jury subpoenas").   And in *In re Grand Jury Subpoena, Judith Miller*, the D.C. Circuit ordered the release of documents that discussed grand jury matters that were either revealed during a criminal trial or disclosed broadly by grand jury witnesses.  *See* 493 F.3d at 154–55 ("Although not every public disclosure waives Rule 6(e) protections, one can safely assume that the 'cat is out of the bag' when a grand jury witness . . . discusses his role on the CBS Evening News.").

The D.C. Circuit has distinguished such disclosures from "press reports relying on unnamed sources," which it has not, without more, found to erode secrecy to such an extent that the disclosed grand jury materials lose their Rule 6(e) protections.  *See Dow Jones*, 142 F.3d at 505.  Such a distinction makes good sense and is consistent with preserving the interests served by grand jury secrecy.  *See Douglas Oil*, 441 U.S. at 219.  Where a witness speaks herself, she has diminished her own privacy interests in maintaining the confidentiality of her involvement and has voluntarily exposed herself to public scrutiny.  *See id.*  Similarly, where the government makes a disclosure of its own investigation—typically after indictment or an investigation has ended—it has had the opportunity to first consider the law enforcement interests in maintaining secrecy, including the risks of flight and of interference with witnesses.  *See id.*  In contrast, where the media publishes anonymously sourced or speculative reports, neither the grand jury witness nor the government has had a part in diminishing, or made a choice to diminish, the law enforcement and privacy interests protected by grand jury secrecy.  *Cf. In re Application of WP Co.*, 201 F. Supp. 3d 109, 130 (D.D.C. 2016) (finding, in the context of a motion to unseal search warrant

materials, "troubling" the "suggesting that unauthorized disclosures . . . have the effect of extinguishing the privacy, reputational, and due process interests of uncharged third parties").

**B. Continued Sealing Is Required Here to Prevent Disclosure of Matters Occurring Before the Grand Jury.**

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

Applicants concede that the application does not provide a basis for release of "information that would disclose 'matters occurring before a grand jury,'" App. 2 (quoting *McKeever*, 920 F.3d at 842), and they expressly do not seek "the identities of witnesses or jurors, the substance of testimony . . . the strategy or direction of the investigation, the deliberations or questions of jurors, and the like," *id.* (quoting *Dow Jones*, 142 F.3d at 500). But the materials they do seek—"redacted versions of any dockets, court opinions or orders, legal briefing, and argument transcripts . . . regarding the scope of executive privilege invoked by former President Trump," *id.*—████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████



For these reasons, it is incorrect to assert that release of "legal arguments" or "rulings made by the Court on the legal scope of the privilege" would not reveal matters occurring before the grand jury, but rather a "legal issue . . . distinct from the proceedings before the grand jury."  App. 3, 8.[3]

13

████████████████████████████████████████████████

████████████████████████████ news outlets ████████████████

████████████████ have relied solely upon unattributed information and conjecture based on comings and goings at the federal courthouse in the District of Columbia. *See, e.g.*, App. Ex. H (attributions to "people familiar with the matter"); App. Ex. I (attributions to "people briefed on the matter"); App. Ex. J (attributions to "people familiar with the matter"); App. Ex. K (same).

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████   ██████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████

      ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████

For these reasons alone, Applicants' motion should be denied.

**C. Even If Disclosure Were Permitted, the Court Should Decline to Exercise Its Discretion to Release Even Redacted Versions of the Requested Materials.**

Even if the Court were to find that it could release portions of the requested materials without disclosing secret matters occurring before the grand jury—which as explained, it cannot—it should decline to exercise its discretion under Local Rule 6.1 for two principal reasons. *See In re Sealed Case*, 199 F.3d at 523 (explaining that a district court must "duly consider" a request to unseal materials under Local Rule 6.1 and "if it denies the request, offer some explanation"). ███

██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
████████████████████████████████████ The public interest in the requested information does not outweigh these vital considerations at this stage in the investigation.

████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████

████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████   As explained, other than a high-level statement by the Deputy Attorney General about receiving a referral, the Justice Department has never publicly commented about its own investigation into attempts to obstruct the certification of the 2020 presidential election results, in accordance with policy.  *See* JUSTICE MANUAL § 1-7.400 ("DOJ generally will not confirm the existence of or otherwise comment about ongoing investigations.").  █████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████ █████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████ Congress has recognized the potential dangers of disclosure of information about ongoing investigations by, for example, exempting from FOIA requirements information that "could reasonably be expected to interfere with [law] enforcement proceedings." 5 U.S.C. § 551(b)(7)(a); *see, e.g.*, *Ctr. for Nat'l Sec. Studies v. U.S. Dep't of Justice*, 331 F.3d 918, 933 (D.C. Cir. 2003) (FOIA exemption 7(a) properly invoked where disclosure would reveal information that could harm an ongoing investigation); *Boyd*, 475 F.3d at 386.  And even where the common law presumption of access applies—which it does not here—other Circuits have found that courts properly decline to unseal preindictment search warrant materials where doing so would harm an ongoing investigation.  *See, e.g.*, *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017) (noting, in the context of a motion to unseal preindictment warrant materials, that "the district court has discretion to . . . leave the materials under seal" where unsealing "would threaten an ongoing investigation" or "endanger or discourage witnesses from providing evidence or testimony"); *In re EyeCare Physicians of Am.*, 100 F.3d 514, 519 (7th Cir. 1996) (similar). ████████████

████████████████████████████████████████████

████████████████████████████████

░░░░░░░░████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████ The Court should exercise its discretion to avoid this

result.

████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████ ██████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████

**CONCLUSION**

For the reasons set forth above, the applications should be denied ████████████

████████████████████████

Dated:  November 15, 2022                    Respectfully submitted,

                                             BRIAN M. BOYNTON
                                             Principal Deputy Assistant Attorney General
                                             Civil Division

                                             ELIZABETH J. SHAPIRO
                                             Deputy Director
                                             Civil Division, Federal Programs Branch

                                             */s/ Leslie Cooper Vigen*
                                             LESLIE COOPER VIGEN
                                             Trial Attorney (DC Bar No. 1019782)
                                             United States Department of Justice
                                             Civil Division, Federal Programs Branch
                                             1100 L Street, NW
                                             Washington, DC 20005
                                             Tel:  (202) 305-0727
                                             Fax:  (202) 616-8470
                                             Email:  leslie.vigen@usdoj.gov

                                             *Counsel for the United States*