**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF THE NEW YORK TIMES CO. AND CHARLIE SAVAGE FOR ACCESS TO CERTAIN DOCKETS, ORDERS, LEGAL BRIEFING, AND ARGUMENT TRANSCRIPTS ANCILLARY TO JANUARY 6 GRAND JURY PROCEEDINGS | Miscellaneous Case No. 22-100 (JEB)  (consolidated with No. 22-104) |

**RESPONSE TO PETITIONERS' SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF ACCESS TO JUDICIAL RECORDS ANCILLARY TO CERTAIN GRAND JURY PROCEEDINGS CONCERNING FORMER PRESIDENT DONALD J. TRUMP**

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................... 1

BACKGROUND ................................................................................................................. 2

ARGUMENT ...................................................................................................................... 6

I.      The Opinions and Orders Can Be Released in Redacted Form,
        But Matters Occurring Before the Grand Jury Not Disclosed by the
        Government Remain Secret ..................................................................................... 6

II.     No First Amendment Right of Access Exists to Grand Jury Materials,
        Including Opinions and Orders Concerning Grand Jury Disputes ...................... 12

CONCLUSION.................................................................................................................. 17

## TABLE OF AUTHORITIES

**CASES**

\* *In re Press Application for Access to Jud. Recs. Ancillary to Certain Grand Jury Proc.*
  *Concerning Former Vice President Pence,*
  678 F. Supp. 3d 135 (D.D.C. 2023) ................................................................. *passim*

*Bartko v. U.S. Dep't of Just.,*
  898 F.3d 51 (D.C. Cir. 2018) ................................................................. 8

*Branzburg v. Hayes,*
  408 U.S. 665 (1972) ................................................................. 7

\* *Douglas Oil Co. v. Petrol Stops N.W.,*
  441 U.S. 211 (1979) ................................................................. 7, 13, 14

*Forbes Media LLC v. United States,*
  61 F.4th 1072 (9th Cir. 2023) ................................................................. 15, 16

*Globe Newspaper Co. v. Superior Court for County of Norfolk,*
  457 U.S. 596 (1982) ................................................................. 16

*Hodge v. FBI,*
  703 F.3d 575 (D.C. Cir. 2018) ................................................................. 8

\* *In re Application of Politico,*
  No. 23-5071, 2024 WL 1739096 (D.C. Cir. Apr. 23, 2024) ................................................................. *passim*

*In re Grand Jury Subpoena, Judith Miller,*
  438 F.3d 1141 (D.C. Cir. 2006) ................................................................. 7, 13

\* *In re Grand Jury Subpoena, Judith Miller,*
  493 F.3d 152 (D.C. Cir. 2007) ................................................................. 8, 12, 15

\* *In re Motions of Dow Jones & Co.,*
  142 F.3d 496 (D.C. Cir. 1998) ................................................................. *passim*

*In re North,*
   16 F.3d 1234 (D.C. Cir. 1994) ................................................................................. 8

*In re Sealed Case,*
   199 F.3d 522 (D.C. Cir. 2000) ........................................................................... 7, 13

*In re Subpoena to Testify Before Grand Jury Directed to Custodian of Recs.,*
   864 F.2d 1559 (11th Cir. 1989) ............................................................................ 14

*McKeever v. Barr,*
   920 F.3d 842 (D.C. Cir. 2019) .......................................................................... 8, 14

* *Press-Enterprise Co. v. Superior Ct. of Cal. for Riverside Cnty.,*
   478 U.S. 1 (1986) ............................................................................................ 13, 14

*United States v. Index Newspapers LLC,*
   766 F.3d 1072 (9th Cir. 2014) .............................................................................. 15

*United States v. Sells Eng'g, Inc.,*
   463 U.S. 418 (1983) ................................................................................................ 7

*United States v. Smith,*
   123 F.3d 140 (3d Cir. 1997) .................................................................................. 14

*United States v. Williams,*
   504 U.S. 36 (1992) .................................................................................................. 7

**RULES**

* Federal Rule of Criminal Procedure 6(e) ................................................................. *passim*

## INTRODUCTION

As revised by their supplemental brief and subsequent negotiations with counsel, Petitioners now seek opinions addressing the merits of executive privilege disputes (including the denial of any requested stays) and orders accompanying those opinions in five sealed proceedings involving the government and former President Donald J. Trump concerning the scope of grand jury testimony (the "opinions and orders").[1]  Although the government does not oppose release of the opinions and orders in redacted form, those opinions and orders must be redacted to maintain the secrecy of matters occurring before the grand jury that are protected by Federal Rule of Criminal Procedure 6(e).

Petitioners argue that because the government disclosed the existence of executive privilege disputes in a public hearing in the prosecution of former President Trump, the opinions and orders are no longer protected by Rule 6(e).  That is correct only up to a point.  The government's disclosure in open court of the existence of executive privilege disputes involving the grand jury is the type of disclosure that can lift Rule 6(e) secrecy as to the disclosed information, but the Court must "reveal[] only those matters before the grand jury" that the government has disclosed, leaving "[a]ll other 6(e) material . . . tucked safely behind the grand jury's closed doors."  *In re Press Application for Access to Jud. Recs. Ancillary to Certain Grand Jury Proc. Concerning Former Vice President Pence*, 678 F. Supp. 3d 135, 143 (D.D.C. 2023).

---

[1] In Petitioners' Supplemental Brief, Petitioners sought "access to judicial records regarding the invocations of executive privilege that former President Trump or former Trump Administration officials made in judicial proceedings ancillary to the grand jury investigations into the 2020 presidential election."  Petitioners' Suppl. Br. in Further Supp. of Access to Jud. Recs. Ancillary to Certain Grand Jury Procs. Concerning Former President Donald J. Trump, ECF No. 25, at 1 (the "Supplemental Brief" or "Petrs.' Suppl. Br.").  In subsequent negotiations with counsel, Petitioners agreed to narrow their request to opinions addressing the merits of executive privilege disputes (including the denial of any requested stays) and orders accompanying those opinions from those ancillary proceedings.

The Court can release redacted versions of the opinions and orders that disclose much of the Court's legal analysis. However, certain matters occurring before the grand jury were not disclosed by the government, including the identity of the witnesses involved in executive privilege disputes, the factual topics of the disputed testimony, and any legal disputes other than executive privilege disputes addressed in those opinions and orders. Therefore, the opinions and orders must be redacted to protect the secrecy of those matters occurring before the grand jury.

Petitioners also press a new argument that the First Amendment guarantees a right of access to the opinions and orders. The D.C. Circuit held that Petitioners forfeited this argument by failing to raise it in their Petition, and Petitioners articulated no persuasive reason to excuse their forfeiture. Regardless, this argument fails. The D.C. Circuit and many other courts have squarely held that there is no First Amendment right of access to grand jury proceedings, including judicial opinions and orders resolving disputes over grand jury evidence, because grand jury proceedings have not historically been open to the public and the functioning of grand juries depends on secrecy.

## BACKGROUND

On October 18, 2022, Petitioners POLITICO, LLC and Kyle Cheney wrote a letter to this Court that was later docketed as a Petition in a miscellaneous case. *See* Petition, No. 1:22-mc-00104 (D.D.C.), ECF No. 1 ("Petition" or "Pet."). The Petition requested records from a sealed grand jury docket, No. 1:22-gj-00025, regarding two alleged grand jury subpoenas, specifically "1) Former president Trump's June 10, 2022 action (and any associated briefs) related to two grand jury subpoenas: 22-GJ-060991378 and 22-GJ-060991380; 2) Any response by the government to this challenge; 3) Any additional replies by former president Trump; and 4) The court's September 28, 2022 order adjudicating this challenge." *Id.* at 1. On October 25, 2022, The New York Times Company and Charlie Savage filed an application "seek[ing] access to dockets, court opinions and

orders, legal briefing, and argument transcripts, including such materials regarding the scope of executive privilege invoked by former President Donald J. Trump or former Trump Administration officials," which was docketed in a different miscellaneous case.  Application, No. 1:22-mc-00100 (D.D.C.), ECF No. 1.  The Court then entered an order consolidating the two miscellaneous cases.  Minute Order, No. 1:22-mc-00100 (D.D.C.), No. 1:22-mc-00104 (D.D.C.).[2]  The government filed a sealed and *ex parte* opposition to the consolidated applications, which the Court later allowed to be released in redacted form.  *See* United States' Mem. of Points and Authorities in Opp'n to Appl. of the New York Times Co. and Charlie Savage for Access to Certain Dockets, Orders, Legal Briefing, and Arg. Trs. Ancillary to Jan. 6 Grand Jury Procs.), ECF No. 19 (redacted).

The Court, then-Chief Judge Beryl A. Howell, issued a sealed, *ex parte* opinion denying the applications, and also issued a public redacted version of the opinion.  Memorandum Opinion, Redacted Version, ECF No. 18 ("Mem. Op.").  The Court concluded that "Rule 6(e) does not permit such disclosure" of the records sought in the applications.  *Id.* at 4.  The Court explained that, "[c]entral to [the grand jury's] duty is the secrecy required of grand jury matters mandated by Federal Rule of Criminal Procedure 6(e)."  *Id.* at 9.  "When grand jury matters have already been disclosed to the public, they are no longer secret and thus may be released," but "who makes the disclosures matters.  For instance, precedent and practice counsel against any unsealing when statements about an ongoing grand jury investigation made in the press are not directly attributed to the government, grand jury witnesses, or targets."  *Id.* at 21.  "Absent such reliable, credible, and authoritative disclosures of grand jury matters, Rule 6(e) protections remain intact."  *Id.* at 22.  The Court concluded that no exception to the rule of grand jury secrecy applied, and the requested

---

[2] Further citations to "ECF No. __" are to filings in No. 1:22-mc-00100, consolidated with No. 1:22-mc-00104.

records could not be disclosed "without revealing grand jury matters." *Id.* at 27.  Redacting the materials was not a viable option "because matters occurring before the grand jury are so deeply intertwined with non-secret information that any partially unsealed record would prove useless, or worse, misleading." *Id.*  Petitioners argued that "public reporting" on grand jury matters "obviates any need for continued secrecy," but the Court rejected this argument, because the reporting "cit[ed] as their sources 'people familiar with' the matters," and "[t]hose sources, however, are not the type of confirmation by government attorneys, grand jury witnesses, or a privilege holder that the Circuit has found sufficient to make secrecy no longer necessary." *Id.* at 29.

Petitioners POLITICO and Cheney, but not The New York Times Company or Savage, appealed to the D.C. Circuit.  During the pendency of the appeal, a federal grand jury returned an indictment of former President Trump related to his alleged efforts to overturn the 2020 presidential election.  *See* Indictment, *United States v. Trump*, No. 1:23-cr-00257 (D.D.C.), ECF No. 1.  In that criminal case,

> "an attorney in the Office of Special Counsel prosecuting former President Trump revealed in a public court hearing that:
>
>> [T]he government and [former President Trump] engaged in extensive pre-indictment litigation regarding executive privilege. It took place in five sealed proceedings starting in August 2022 and lasting through March of 2023. And it concerned the scope of grand jury testimony for 14 witnesses."

*In re Application of Politico*, No. 23-5071, 2024 WL 1739096, at *2 (D.C. Cir. Apr. 23, 2024) (per curiam).

The D.C. Circuit concluded that "[t]he district court's decision was correct on the record before it."  *Id.*  The court explained: "Courts may unseal records containing matters occurring before a grand jury only if the matters have already been publicly disclosed, one of the Rule 6(e)(3) exceptions applies, or the records can be redacted to excise any secret information."  *Id.* at *3 (internal citations omitted).  Although "grand jury matters may lose their protection if prosecutors

publicly disclose them and they become sufficiently widely known" or "if they are disclosed by a witness before the grand jury, or a witness's attorney," "[a]nonymous leaks . . . do not strip Rule 6(e) protection from grand jury matters." *Id.* (citations omitted). "In this case, neither the government, any grand jury witness, nor any grand jury witness's attorney had publicly disclosed any privilege disputes occurring before the grand jury." *Id.* The court further concluded that "it would have been impossible for the district court to release any of the requested materials in redacted form" without disclosing secret grand jury materials. *Id.*

Despite concluding that "the district court's decision was correct when it issued," the D.C. Circuit "vacate[d] and remand[ed] for the district court to reconsider Politico's petition in light of the Office of Special Counsel's official and public disclosure of the existence of executive-privilege disputes before the grand jury." *Id.* at *4. The court concluded that the prosecution's disclosure of executive privilege disputes in the *Trump* case "makes it possible that the underlying privilege disputes, or at least the aspects of them that have been publicly disclosed, are so widely known that they are no longer protected by Rule 6(e)." *Id.* The court declined to consider an argument Petitioners newly raised on appeal, that the First Amendment guaranteed access to the requested materials, "because Politico did not raise it before the district court," and "Politico has not identified any exceptional circumstances for excusing its forfeiture." *Id.*

On remand, this Court ordered the parties to submit supplemental briefing concerning the Petition. Minute Order (Aug. 12, 2024). Petitioners submitted their opening supplemental brief on August 23, 2024. *See generally* Petrs.' Suppl. Br. Petitioners argued that records from ancillary litigation over assertions of executive privilege were no longer protected by grand jury secrecy rules as a result of the prosecution's disclosure. *See id.* at 10-12. Petitioners also argued that the First Amendment guaranteed access to opinions and orders issued in ancillary disputes over

executive privilege. *Id.* at 12-18. As explained above, in subsequent correspondence with the government's counsel, counsel for Petitioners agreed to narrow Petitioners' request to opinions addressing the merits of executive privilege disputes (including the denial of any requested stays) and orders accompanying those opinions from those ancillary proceedings. *See supra*, n.1.

## ARGUMENT

### I. The Opinions and Orders Can Be Released in Redacted Form, But Matters Occurring Before the Grand Jury Not Disclosed by the Government Remain Secret

This Court's decision denying the Petition, and the D.C. Circuit's conclusion that this Court's decision was correct when it issued, establish as law of the case that the requested materials are grand jury materials that, at least initially, were protected by Rule 6(e). *See* Mem. Op. 4 ("Rule 6(e) does not permit such disclosure" of the requested records); *In re Application of Politico*, 2024 WL 1739096, at *2 ("any documents pertaining to a privilege invocation before a grand jury 'must be kept under seal' under Rule 6(e)(6)") (quoting Fed. R. Crim. P. 6(e)(6)). The only question is whether, and to what extent, Rule 6(e)'s protection has been lifted by the government's subsequent limited disclosure of the existence of executive privilege litigation. Well-established case law provides the framework for answering this question. Public disclosures by government attorneys of matters occurring before the grand jury can lift grand jury secrecy. Accordingly, redacted versions of the opinions and orders can be released that include discussion of matters occurring before the grand jury that were actually disclosed by the government in open court. But matters occurring before the grand jury not actually revealed by the government retain their Rule 6(e) secrecy. The opinions and orders must be redacted to preclude disclosure of such matters.

The federal grand jury occupies a unique and important position in our criminal justice system. "It serves the 'dual function of determining if there is probable cause to believe that a crime has been committed and of protecting citizens against unfounded criminal prosecutions.'"

*United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 423 (1983) (quoting *Branzburg v. Hayes*, 408 U.S. 665, 686–87 (1972)).  Accordingly, it "serv[es] as a kind of buffer or referee between the Government and the people."  *United States v. Williams*, 504 U.S. 36, 47 (1992).  To fulfill this important role, the grand jury has "always" been afforded "extraordinary powers of investigation" and "great responsibility for directing its own efforts."  *Sells Eng'g*, 463 U.S. at 423.  The Supreme Court "consistently [has] recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings."  *Douglas Oil Co. v. Petrol Stops N.W.*, 441 U.S. 211, 218 (1979).  Both "grand jury proceedings and related matters operate under a strong presumption of secrecy."  *In re Sealed Case*, 199 F.3d 522, 526 (D.C. Cir. 2000).  This rule of secrecy is "so well established" that the D.C. Circuit has noted "a plethora of authority recognizing that the grand jury context presents an unusual setting where privacy and secrecy are the norm."  *In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1141, 1150 (D.C. Cir. 2006) (quoting *In re Sealed Case*, 199 F.3d at 526).

Federal Rule of Criminal Procedure 6(e) implements the traditional rule of grand jury secrecy.  It prohibits virtually every person privy to grand jury proceedings—other than witnesses or their counsel—from "disclos[ing] a matter occurring before the grand jury."  Fed. R. Crim. P. 6(e)(2)(B).  Covered individuals include grand jurors, interpreters, court reporters, and attorneys for the government.  *See id.*  Rule 6(e) requires that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before the grand jury."  *Id.* at 6(e)(6).  Matters occurring before the grand jury include "not only what has occurred and what is occurring, but also what is likely to occur" in the grand jury's investigation.  *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 500 (D.C. Cir. 1998).  The Rule covers all "information that would 'tend to reveal

some secret aspect of the grand jury's investigation, including the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, or the deliberations or questions of jurors.'" *Bartko v. U.S. Dep't of Just.*, 898 F.3d 51, 73 (D.C. Cir. 2018) (quoting *Hodge v. FBI*, 703 F.3d 575, 580 (D.C. Cir. 2018)).  Rule 6(e) also covers "the fact that [a witness] was subpoenaed to testify" and "the fact that he invoked [a] privilege in response to questions." *Dow Jones*, 142 F.3d at 501.  Rule 6(e) contains certain exceptions to the rule of grand jury secrecy, but that "list of exceptions is exhaustive."  *McKeever v. Barr*, 920 F.3d 842, 845 (D.C. Cir. 2019).

Despite the general rule of grand jury secrecy, under certain circumstances, "when once-secret grand jury material becomes 'sufficiently widely known,' it may 'los[e] its character as Rule 6(e) material.'"  *In re Grand Jury Subpoena, Judith Miller*, 493 F.3d 152, 154 (D.C. Cir. 2007) (alteration in original) (quoting *In re North,* 16 F.3d 1234, 1245 (D.C. Cir. 1994)).  One way that "grand jury matters may lose their protection" is "if prosecutors publicly disclose them."  *In re Application of Politico*, 2024 WL 1739096, at *3 (citing *North*, 16 F.3d at 1245).  Public disclosure of grand jury matters "by a witness before the grand jury, or a witness's attorney" can also lift grand jury secrecy.  *Id.*

Even when a disclosure has lifted grand jury secrecy over the disclosed information, that does not eliminate Rule 6(e)'s protection for all matters occurring before the grand jury.  Rather, "materials" that "concern still-secret grand jury matters . . . must remain sealed." *Miller*, 493 F.3d at 154.  Documents containing grand jury matters can be revealed "only to the extent that they have been previously revealed," but "[g]rand jury material not yet publicly disclosed" must "remain redacted."  *Id.* at 155.  Therefore, courts regularly order limited unsealing concerning grand jury matters already made public, while holding that documents must remain secret insofar as they discuss grand jury matters not publicly disclosed.  *See*, *e.g.*, *id.* at 154-55; *Pence*, 678 F.

Supp. 3d at 143 (describing the scope of "appropriate redactions" to materials concerning a grand jury privilege dispute, so that discussion of matters occurring before the grand jury is redacted "to the extent that [the grand jury witness's] disclosures do not already reveal them"); *cf.* Mem. Op. 17 (when "opinions from grand jury proceedings" can be unsealed, "such unsealing is conducted after necessary consultation with the government to redact text that discloses a 'matter occurring before the grand jury'").

Here, the government has made a limited disclosure concerning matters occurring before the grand jury in a public court hearing.  Specifically, the government disclosed that: (1) the government and Trump engaged in pre-indictment litigation regarding executive privilege, (2) this litigation took place in five sealed proceedings from August 2022 through March 2023, and (3) these proceedings concerned the scope of grand jury testimony for fourteen witnesses.  *See In re Application of Politico*, 2024 WL 1739096, at *2 (quoting prosecutors' disclosure).  Based on these disclosures, the Court can release in redacted form the opinions and orders concerning the merits of these executive privilege disputes.  However, the opinions and orders must be redacted to prevent disclosure of any matters occurring before the grand jury that were not disclosed by the government, which remain protected by Rule 6(e).  Such matters include the identity of the witnesses involved in these disputes, the factual nature of the disputed testimony, the importance of that testimony to the grand jury investigation, or any other legal disputes that may have been addressed in the opinions and orders.

This Court's approach to redactions in *Pence* is instructive.  "In a series of three public statements," former Vice President Pence or his spokesperson disclosed that: (1) he had received a grand jury subpoena and intended to resist it; (2) he contested the subpoena on the basis that the Speech and Debate Clause protected him from being subpoenaed to testify regarding his role

presiding over the joint session of Congress on January 6, 2021; (3) the federal judge had "accepted [his] argument," at least in part, and "recognized that the Constitution's speech and debate provisions do apply to the Vice President when one is serving as president of the Senate," although under the court's ruling, "other testimony might be required"; and (4) he decided "not [to] appeal the Judge's ruling" and instead decided to "comply with the subpoena as required by law." *Pence*, 678 F. Supp. 3d at 139. The Court concluded that certain materials concerning the dispute over the subpoena could be released, because "Pence's public statements disclose his constitutional challenge to the subpoena, this Court's partial rejection of that challenge, and his intent to testify before the grand jury." *Id.* at 142.

Former Vice President Pence's disclosures went far beyond the brief, three-sentence disclosure at issue here, and therefore justified making public more of the underlying documents than is appropriate here.[3] Nonetheless, despite former Vice President Pence's public disclosures, this Court held that the materials it released had to be redacted in significant part to protect the secrecy of matters occurring before the grand jury that former Vice President Pence had not disclosed. For example, this Court concluded that documents, including a judicial opinion resolving the privilege dispute, "must be redacted to remove any references to the parties' or the Court's understanding of what, if any, specific testimony the grand jury sought from Pence or the factual or strategic basis for such subpoena — to the extent that his disclosures do not already reveal them." *Id.* at 143; *accord id.* ("Information about any specific testimony the grand jury may

---

[3] A key distinction is that former Vice President Pence disclosed that he received a grand jury subpoena and disputed it on the basis of a constitutional privilege, but here, the government has not disclosed the identities of the witnesses involved in executive privilege disputes. "Encompassed within the rule of secrecy are the identities of witnesses . . . ." *Dow Jones*, 142 F.3d at 500 (citation omitted). Therefore, the names of the witnesses and any identifying information must be redacted from the opinions and orders.

seek from Pence can be similarly redacted.").  By the same token, the opinions and orders here must be redacted to remove references to the specific testimony subject to executive privilege disputes and the factual or strategic basis for the subpoenas.

In addition, this Court concluded that in the Pence documents, "[e]ven legal . . . analyses concerning the scope of the Speech and Debate privilege that might be tailored to specific anticipated grand-jury testimony or that rely on past testimony must be redacted to ensure that they do not implicitly divulge protected information."  *Id.*  So too, here, although much of the legal analysis in the opinions and orders can be released, some of it must be redacted to avoid divulging protected information, such as the specific nature of anticipated or past grand jury testimony.

This Court also concluded that "the Court's Opinion on the Speech or Debate issue can sufficiently excise discussions of any other procedural or legal disputes arising from this grand-jury investigation."  *Id.*  Similarly, to the extent that the opinions and orders here discuss legal disputes other than executive privilege disputes, such discussion should be redacted.

Concurrently with the filing of this public response brief, the government is making an *ex parte* submission to the Court containing proposed redactions of the opinions and orders, reflecting the government's view of what parts of the opinions and orders can be released consistent with Rule 6(e) and governing law.

Petitioners' position is unclear concerning the appropriateness of redactions to the opinions and orders.  Petitioners state, without apparent limitation, that "this Court has ample authority to release the requested records," and argue that "[a]ny need for secrecy has . . . disappeared," Petrs.' Suppl. Br. 10, which may suggest that they seek the opinions and orders in unredacted form.  Yet Petitioners also ask the Court to "unseal as much as possible of the requested records," and favorably cite the discussion in *Pence* about how materials can be released in redacted form, *id.* at

10-11, thus at least implicitly endorsing the notion that redactions may be necessary.  To the extent Petitioners intend to argue that the opinions and orders should be released in their entirety, that position contravenes clear precedent holding that even where public disclosures have occurred, matters occurring before the grand jury that have not been disclosed must remain sealed.  Yet if Petitioners' position is that the opinions and orders should be released in redacted form to prevent disclosure of undisclosed matters occurring before the grand jury, there may be little difference between the parties' positions.

## II.     No First Amendment Right of Access Exists to Grand Jury Materials, Including Opinions and Orders Concerning Grand Jury Disputes

Petitioners argue that the First Amendment guarantees a right of access to the opinions and orders. Petrs.' Suppl. Br. 12-18.  As an initial matter, this argument is not before the Court because Petitioners "forfeit[ed]" this argument by "not rais[ing] it before the district court," and Petitioners "ha[ve] not identified any exceptional circumstances for excusing its forfeiture." *In re Application of Politico*, 2024 WL 1739096, at *4.  The D.C. Circuit remanded to this Court "to reconsider Politico's petition in light of the Office of Special Counsel's official and public disclosure of the existence of executive-privilege disputes before the grand jury," *id.*, but that limited remand did not instruct this Court to consider forfeited legal arguments unconnected to the significance of the government's subsequent disclosure of executive privilege disputes.

In any event, the First Amendment argument fails because there is no First Amendment right of access to grand jury proceedings or ancillary proceedings.  The D.C. Circuit has held that "'there is no First Amendment right of access to grand jury proceedings,' nor do First Amendment protections extend to ancillary materials dealing with grand jury matters, such as" a judicial "opinion" addressing a dispute over grand jury subpoenas. *Miller*, 493 F.3d at 154 (quoting *Dow Jones*, 142 F.3d at 499); *see also Dow Jones*, 142 F.3d at 499 (deeming it a "settled proposition"

12

that "there is no First Amendment right of access to grand jury proceedings").

Even if this Court were free to consider the issue anew, which it is not, the result would be the same: there is no First Amendment right of access to grand jury proceedings, including judicial opinions resolving disputes over grand jury testimony.  The Supreme Court has held that the First Amendment right of access to criminal proceedings is governed by tests of "experience and logic." *Press-Enterprise Co. v. Superior Ct. of Cal. for Riverside Cnty.*, 478 U.S. 1, 9 (1986).  Under the experience test, courts "consider[] whether the place and process have historically been open to the press and general public."  *Id.* at 8.  Under the logic test, courts "consider[] whether public access plays a significant positive role in the functioning of the particular process in question."  *Id.* Only if "the particular proceeding in question passes these tests of experience and logic" does "a qualified First Amendment right of public access attach[]."  *Id.* at 9.  Where such a qualified right of access applies, proceedings can still be closed where "closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Id.* at 13-14 (citation omitted).  But no qualified First Amendment right of access exists here.  Grand jury proceedings fail both tests of experience and logic necessary to support a First Amendment right of access.

As a matter of experience, grand jury proceedings have not historically been available to the public.  Rather, "the grand jury context presents an unusual setting where privacy and secrecy are the norm."  *Miller*, 438 F.3d at 1150 (quoting *In re Sealed Case*, 199 F.3d at 526).  Indeed, "secrecy . . . has been the persistent rule for grand jury proceedings for at least four hundred years." *Id.*  "A grand jury is a body that conducts its business in private.  The Framers knew this as well as we do.  'Since the 17th century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye.'"  *Dow Jones*, 142 F.3d at 499 (quoting *Douglas Oil*, 441 U.S. at 218-19 n.9).  Moreover, there is no consistent history "of open

ancillary hearings dealing with the [executive] privilege in the grand jury context" of the sort that could support a First Amendment right of access. *Id.* at 503. Other circuits agree that under the experience test, there is no right of access to grand jury proceedings. *See United States v. Smith*, 123 F.3d 140, 148 (3d Cir. 1997) ("[G]rand jury proceedings are not subject to a First Amendment right of access under the test of 'experience and logic.' Historically, such proceedings have been closed to the public."); *In re Subpoena to Testify Before Grand Jury Directed to Custodian of Recs.*, 864 F.2d 1559, 1562 (11th Cir. 1989) ("grand jury proceedings are historically and presumptively secret").

The logic test is equally clear in weighing against a First Amendment right of access. Public access to grand jury materials is not necessary to proper functioning of the court system. To the contrary, grand jury "secrecy safeguards vital interests," including "(1) preserving the willingness and candor of witnesses called before the grand jury; (2) not alerting the target of an investigation who might otherwise flee or interfere with the grand jury; and (3) preserving the rights of a suspect who might later be exonerated." *McKeever*, 920 F.3d at 844 (citing *Douglas Oil*, 441 U.S. at 219). As the D.C. Circuit and the Supreme Court have recognized, "'[i]t takes little imagination to recognize that there are some kinds of government operations that would be totally frustrated if conducted openly. A classic example is that the "proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings."'" *Dow Jones*, 142 F.3d at 503-04 (quoting *Press-Enterprise*, 478 U.S. at 8-9 (quoting *Douglas Oil*, 441 U.S. at 218)); *see also Smith*, 123 F.3d at 148 ("public access to grand jury proceedings would hinder, rather than further, the efficient functioning of the proceedings"); *In re Subpoena*, 864 F.2d at 1562 ("secrecy of grand jury proceedings is essential to maintaining the effectiveness of the grand jury").

Petitioners make no real argument that the experience and logic tests support a right of

access to grand jury proceedings.  Instead, they argue that a First Amendment right of access to "court opinions and orders" exists, Petrs.' Suppl. Br. 12-15, and that this purported general right of access to opinions and orders applies even when the opinion or order addresses a dispute involving grand jury testimony and discloses matters occurring before the grand jury, *id.* at 15-16. This argument is foreclosed by D.C. Circuit precedent, which holds that "First Amendment protections" do not "extend to ancillary materials dealing with grand jury matters, such as" a judicial "opinion" addressing a dispute over grand jury subpoenas.  *Miller*, 493 F.3d at 154. Petitioners invite this Court to "reject th[e] argument" that it should follow *Miller*, Petrs.' Suppl. Br. 15, but a district court lacks the authority to pick and choose which binding circuit precedents to follow.  *Miller* is also consistent with a Ninth Circuit decision rejecting a First Amendment right of access to "proceedings concerning motions to quash grand jury subpoenas," including "the district court's order denying" such a motion.  *United States v. Index Newspapers LLC*, 766 F.3d 1072, 1085, 1087 (9th Cir. 2014)

Moreover, Petitioners' argument is based on an incorrect framing of the First Amendment right of access.  In applying the experience and logic tests to determine whether a qualified First Amendment right of access exists, the correct framing is the type of proceeding (*i.e.*, grand jury proceedings), not the type of judicial record (*i.e.*, opinions and orders).  As the Ninth Circuit cogently explained, a "narrow focus on categories of documents is not correct."  *Forbes Media LLC v. United States*, 61 F.4th 1072, 1083 (9th Cir. 2023).  Rather than "consider[ing] the categories of documents sought abstracted from the proceedings in which they were generated," courts "evaluate[] the nature of the proceeding itself."  *Id.*  In *Forbes*, the petitioners claimed a First Amendment right of access to proceedings in which the government invoked the All Writs Act (AWA) to seek technical assistance from private companies relating to unexecuted arrest

warrants, including court orders resolving the government's applications for assistance.  *Id.* at 1076.  The court analyzed the type of proceeding at issue—AWA technical assistance proceedings—and held that no First Amendment right of access to that type of proceeding existed. *Id.* at 1077-81.  Because the correct framing was the type of proceeding, the court rejected the argument that a right of access to "orders" resolving AWA assistance applications existed because that "categor[y] of court documents [was] usually publicly available." *Id.* at 1083.  Similarly, Petitioners cannot establish a First Amendment right of access to opinions and orders resolving disputes about grand jury testimony by arguing that there is a general First Amendment right to opinions and orders, abstracted from the type of proceeding in which the opinions and orders are issued.

In support of their argument that the Court should find a freestanding First Amendment right of access to opinions and orders, Petitioners cite *Globe Newspaper Co. v. Superior Court for County of Norfolk*, 457 U.S. 596 (1982), but that case supports the government's view.  In *Globe Newspaper*, the Court struck down as violative of the First Amendment a statute that mandated the closure of the court to the press and public during the testimony of a minor victim of a sex offense in a criminal trial.  *Id.* at 598, 610-11.  The Court explained that it "discerned a First Amendment right of access to *criminal trials* based in part on the recognition that as a general matter criminal trials have long been presumptively open." *Id.* at 605 n.13 (emphasis in original).  "[T]he context of any particular criminal trial, such as a murder trial . . . or a rape trial" was not relevant to whether the qualified First Amendment right of access existed, but only to whether that qualified right could be overcome based on "the state interests assertedly supporting the restriction." *Id.*  *Globe Newspapers* therefore supports the government's view that in applying the experience and logic test to determine whether a qualified First Amendment right of access exists to a type of

proceeding, it is the type of proceeding that matters (criminal trials in *Globe Newspapers*, and grand jury proceedings here), not the specific type of record (testimony of a minor sex offense victim in *Globe Newspapers*, opinions and orders here).  No First Amendment right of access attaches to grand jury proceedings writ large, including opinions and orders issued in such proceedings.

Petitioners argue that a qualified First Amendment right of access cannot be overcome here.  Petrs.' Suppl. Br. 16-18.  But because no First Amendment right of access attaches here, the Court need not and should not apply the balancing test that courts use to assess whether the government has overcome the qualified right of access.

As explained above, because the government has made a limited public disclosure about matters occurring before the grand jury, consistent with Rule 6(e), the opinions and orders can be released in redacted form.  *See supra*, Part I.  But there is no First Amendment right of access to the opinions and orders, and the First Amendment provides no basis to release a greater portion of the opinions and orders than is proper under a Rule 6(e) analysis.

## CONCLUSION

The Court may release the opinions and orders in redacted form.  Concurrently with this filing, the government is making an *ex parte* submission that includes proposed redactions setting forth what can be released, consistent with Rule 6(e) and governing law.

Dated:  September 13, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Civil Division, Federal Programs Branch

*/s/ Jeremy S.B. Newman*
JEREMY S.B. NEWMAN
Trial Attorney (DC Bar No. 1024112)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel:  (202) 532-3114
Fax:  (202) 616-8470
Email:  jeremy.s.newman@usdoj.gov

*Counsel for the United States*