UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE NEW YORK TIMES CO. AND CHARLIE SAVAGE FOR ACCESS TO CERTAIN DOCKETS, ORDERS, LEGAL BRIEFING, AND ARGUMENT TRANSCRIPTS ANCILLARY TO JANUARY 6 GRAND JURY PROCEEDINGS | Miscellaneous Case No. 22-100 (JEB)<br><br>(consolidated with No. 22-104) |

**NOTICE OF FILING OF REDACTED DOCUMENTS
TO COMPLY WITH COURT ORDER**

On October 18, 2022, Petitioners Kyle Cheney and POLITICO, LLC, submitted an application for access to documents concerning litigation over executive privilege in relation to an investigation of former President Donald J. Trump. Memorandum Opinion, ECF No. 18, at 5. The government opposed the application, and on February 23, 2023, the Court denied the application. *See generally id.* Petitioners appealed. While the appeal was pending, at a public hearing in *United States v. Trump*, No. 1:23-cr-00257 (D.D.C), the government, with this Court's permission, disclosed that it had engaged in extensive pre-indictment litigation with defendant Trump regarding executive privilege. On April 23, 2024, the D.C. Circuit issued a ruling concluding that this Court's decision denying the petition for access was correct when issued, but remanding to this Court for further consideration in light of the intervening disclosure about pre-indictment litigation over executive privilege at the public hearing in *United States v. Trump*. *See In re Application of Politico*, No. 23-5071, 2024 WL 1739096, at *4 (D.C. Cir. Apr. 23, 2024) (per curiam). On August 12, 2024, this Court ordered the parties to submit supplemental briefs in light of the D.C. Circuit's remand. Minute Order (Aug. 12, 2024).

Petitioners submitted their supplemental brief on August 23, 2024, renewing their request for "access to judicial records regarding the invocations of executive privilege that former

President Trump or former Trump Administration officials made in judicial proceedings ancillary to the grand jury investigations into the 2020 presidential election." ECF No. 25, at 1. On September 13, 2024, the government submitted its response. ECF No. 28. The government argued that, under D.C. Circuit law, its disclosure of the existence of executive privilege litigation at a public hearing supported the release of certain records, "but only up to a point." *Id.* at 1. The government pointed out that "certain matters occurring before the grand jury were not disclosed by the government, including the identity of the witnesses involved in executive privilege disputes, the factual topics of the disputed testimony, and any legal disputes other than executive privilege disputes addressed in those opinions and orders. Therefore, the opinions and orders must be redacted to protect the secrecy of those matters occurring before the grand jury." *Id.* at 2.

Accordingly, with respect to opinions and orders addressing the merits of executive privilege disputes (including the denial of any requested stays) in five sealed proceedings (the "opinions and orders"), the government took the position that "redacted versions of the opinions and orders can be released that include discussion of matters occurring before the grand jury that were actually disclosed by the government in open court. But matters occurring before the grand jury not actually revealed by the government retain their Rule 6(e) secrecy. The opinions and orders must be redacted to preclude disclosure of such matters." *Id*. at 6. Along with its response to the Petitioners' supplemental brief, on September 13, 2024, the government filed a motion for leave to submit proposed redactions of the opinions and orders to the Court *ex parte* and under seal. ECF No. 29. The Court granted that motion, ECF No. 30, and the government provided those proposed redactions to the Court *ex parte* and under seal that same day.

On October 24, 2024, the Court entered an order reading as follows: "The Court ORDERS that the Government shall release by October 28, 2024, the documents with the redactions it has

proposed. The Court will subsequently determine if other releases are warranted." Minute Order (Oct. 24, 2024). Trump has not sought to intervene at any time during the pendency of this public litigation.

Pursuant to the Court's order, the government is hereby publicly filing the opinions and orders, with the government's proposed redactions.

Dated: October 28, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Civil Division, Federal Programs Branch

*/s/ Jeremy S.B. Newman*
JEREMY S.B. NEWMAN
Trial Attorney (DC Bar No. 1024112)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 532-3114
Fax: (202) 616-8470
Email: jeremy.s.newman@usdoj.gov

*Counsel for the United States*