UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE NEW YORK TIMES CO. AND CHARLIE SAVAGE FOR ACCESS TO CERTAIN DOCKETS, ORDERS, LEGAL BRIEFING, AND ARGUMENT TRANSCRIPTS ANCILLARY TO JANUARY 6 GRAND JURY PROCEEDINGS | Misc. No. 22-100 (JEB) |

**MEMORANDUM OPINION**

A set of news organizations seeks access to documents related to President Donald Trump's claims of executive privilege in the course of the grand-jury investigation into his alleged interference with the transfer of power following the 2020 presidential election. Although the Government has released redacted versions of this Court's and its predecessor's opinions and orders resolving the privilege disputes, the news organizations seek additional unsealing of those documents. The Court will deny the request in large part but order two more minor disclosures.

**I.     Background**

A federal grand jury investigated and eventually indicted then-former President Trump for "conspir[ing] to overturn [the 2020 presidential election] by spreading knowingly false claims of election fraud to obstruct the collecting, counting, and certifying of the election results." Trump v. United States, 603 U.S. 593, 601 (2024). During the investigation, the media reported that Trump had "tried to prevent some witnesses from testifying before the grand jury on executive-privilege grounds." In re Cheney, 2024 WL 1739096, at *1 (D.C. Cir. Apr. 23,

1

2024); see ECF No. 25 (Pets. Supp. Br.) at 4–6.  Politico and its reporter Kyle Cheney consequently filed an application to unseal all documents related to the executive-privilege challenge, see In re App. of Politico & Kyle Cheney to Unseal All Docs. Related to the Jan. 6 Grand Jury Investig., No. 22-mc-104, ECF No. 1 (Politico App.) (D.D.C. Oct. 26, 2022), as did the New York Times and its reporter Charlie Savage.  See ECF No. 1 (N.Y. Times App.).  Then-Chief Judge Beryl Howell consolidated those matters, see Minute Order of Oct. 26, 2022, and denied Petitioners' request in full.  See ECF No. 18 (Redacted Mem. Op.).  Petitioners appealed. See ECF No. 20 (Notice of Appeal).

While that appeal was pending, a Department of Justice lawyer from the Office of Special Counsel disclosed in open court that the Government and Trump had "engaged in extensive pre-indictment litigation regarding executive privilege"; this resulted "in five sealed proceedings starting in August 2022 and lasting through March of 2023" that "concerned the scope of grand jury testimony for 14 witnesses."  United States v. Trump, No. 23-257, ECF No. 38 (Aug. 28 Hr'g Tr.) at 37:17–37:22 (D.D.C. Aug. 28, 2023); Cheney, 2024 WL 1739096, at *2.  The D.C. Circuit, concluding that Judge Howell's "decision was correct on the record before it," nonetheless vacated and remanded "for the district court to reconsider whether the requested documents should remain sealed in light of the Office of Special Counsel's disclosure of the privilege disputes before the grand jury."  Cheney, 2024 WL 1739096, at *2.

On remand, this Court ordered supplemental briefing, see Minute Order of Aug. 12, 2024, and Petitioners were joined by several other news organizations.  See ECF No. 26 (Notice of Joinder).  The Government has since agreed with Petitioners that it may release certain materials in light of its disclosure that it engaged in executive-privilege disputes with Trump. See ECF No. 28 (Gov't Supp. Resp.) at 1–2 ("The Court can release redacted versions of the

opinions and orders that disclose much of the Court's legal analysis."). To that end, it contemporaneously filed under seal its proposed redactions for 18 documents with the Court. See ECF No. 30 (Proposed Redactions). Those documents represent this Court's and its predecessor's rulings on the parties' motions to compel and motions to stay pending appeal in the five executive-privilege proceedings, including the orders, memorandum opinions, and oral rulings associated with those holdings. This Court ordered the Government to file the redacted documents on the public docket and stated that it would "subsequently determine if other releases are warranted." Minute Order of Oct. 24, 2024; see ECF No. 32 (Redacted Documents). The time for that determination has come. See ECF No. 34 (Joint Status Report).

**II.    Legal Framework**

    A.    Grand-Jury Secrecy

In general, "the grand jury context presents an unusual setting where privacy and secrecy are the norm." In re Grand Jury Subpoena, Judith Miller, 438 F.3d 1141, 1150 (D.C. Cir. 2006) (quoting In re Sealed Case, 199 F.3d 522, 526 (D.C. Cir. 2000)). Witnesses "enter the grand jury room alone . . . . No judge presides and none is present." In re Motions of Dow Jones & Co. (Dow Jones I), 142 F.3d 496, 498 (D.C. Cir. 1998). Access to grand-jury materials turns on Federal Rule of Criminal Procedure 6(e)(2), which dictates that "[o]ther than witnesses, each person present . . . is forbidden from disclosing 'matters occurring before the grand jury.'" Id. (quoting Fed. R. Crim. P. 6(e)(2), 6(e)(3)(A)(ii)); see also In re Sealed Case No. 99-3091, 192 F.3d 995, 1002 (D.C. Cir. 1999). This arrangement "safeguards vital interests," including "(1) preserving the willingness and candor of witnesses called before the grand jury; (2) not alerting the target of an investigation who might otherwise flee or interfere with the grand jury; and (3)

preserving the rights of a suspect who might later be exonerated." Id. at 844 (citing Douglas Oil Co. v. Petrol Stops Nw., 441 U.S. 211, 219 (1979)).

Through Federal Rule of Criminal Procedure 6(e), Congress "codifie[d] the traditional rule of grand jury secrecy." United States v. Sells Eng'g, Inc., 463 U.S. 418, 425 (1983). In this Circuit, a court lacks any "inherent," freestanding "authority" to release matters occurring before the grand jury beyond what Rule 6(e) permits. McKeever v. Barr, 920 F.3d 842, 844–50 (D.C. Cir. 2019).

    B.    Accessing Ancillary Proceedings

The grand jury's business occasionally calls for "judicial proceedings relating to," but "at arm's length" from, the grand jury itself, including to resolve a witness's "motion to . . . quash [a] subpoena." Dow Jones I, 142 F.3d at 498. Records of such proceedings ancillary to the grand jury's work are not themselves subject to grand-jury secrecy but are instead governed by Rule 6(e)(6), which requires that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." (Emphasis added). Although Rule 6(e)(6) displaces any First Amendment or common-law right of access to documents in ancillary proceedings, see Dow Jones I, 142 F.3d at 500–04, the Rule allows for their release once sealing them is no longer "necessary" to protect grand-jury secrets.

In assessing the extent of such necessity, the Circuit has explained that Rule 6(e)(6)'s protection of "a matter occurring before a grand jury" encompasses "not only what has occurred and what is occurring, but also what is likely to occur" before that body. Id. at 500. The Rule therefore protects information in ancillary documents that reveals "'the identities of witnesses or jurors, the substance of testimony' as well as actual transcripts, 'the strategy or direction of the

4

investigation, the deliberations or questions of jurors, and the like.'" Id. (quoting SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1382 (D.C. Cir. 1980)).  Although Rule 6(e)(6) protection "does not create a type of secrecy which is waived" as soon as "public disclosure occurs," once "information is sufficiently widely known[,] . . . it has lost its character as Rule 6(e) material." Id. at 505 (quoting In re North, 16 F.3d 1234, 1245 (D.C. Cir. 1994)).  The Rule's secrecy requirements therefore yield only "when there is no secrecy left to protect."  In re Grand Jury Subpoena, Judith Miller (Miller II), 493 F.3d 152, 154 (D.C. Cir. 2007) (citation omitted).

    C.    Local Rule 6.1

This Court's Local Criminal Rules set out a mechanism for releasing documents in ancillary proceedings.  Rule 6.1 provides that "[p]apers, orders and transcripts of hearings" in proceedings ancillary to the grand jury "or portions thereof[] may be made public by the Court on its own motion or on motion of any person upon a finding that continued secrecy is not necessary to prevent disclosure of matters occurring before the grand jury."  (Emphasis added).  Once such a finding has been made, the Circuit has instructed that "where the Rules authorize [courts] to do so, [courts] may — and should — release any information so long as it does not reveal" material that Rule 6(e)(6) protects.  In re Grand Jury Subpoena, No. 18-3071, Order at 1 (D.C. Cir. Apr. 23, 2019) (emphasis added).  Prior to public release, the Chief Judge may also "redact[] documents."  Dow Jones I, 142 F.3d at 501, 506 (describing Chief Judge's release of former President Clinton's motion seeking contempt order for violations of grand-jury secrecy); see, e.g., In re Grand Jury Subpoena No. 7409, No. 18-41, 2019 WL 2169265, at *3, *5 (D.D.C. Apr. 1, 2019) (ordering release of redacted briefs and transcripts in contempt dispute ancillary to grand-jury investigation into foreign-election interference); Order and Unsealed Records, Grand

Jury No. 18-41 (June 7, 2019), https://perma.cc/4K53-B3KL (displaying redacted filings, transcript, and court opinion for public viewing on court website).

**III.   Analysis**

As noted, the Government has already disclosed redacted versions of the opinions and orders concerning Trump's ancillary privilege dispute (which revealed, but was not itself, a matter before the grand jury). Petitioners now make two further requests. First, they ask the Court to unseal additional portions of those documents on the ground that the Government's redactions exceed what is necessary to protect grand-jury secrecy under Rule 6(e). See ECF No. 31 (Pets. Supp. Reply) at 2. Second, they urge the Court to hold that they have a standalone First Amendment right to access those documents and order further disclosures on that basis. Id. Petitioners seek "access only to opinions and orders on executive privilege, rather than all filings, hearing transcripts, and other judicial records related to those" decisions. Id. at 1 n.2.

The Court first addresses whether and to what extent those ancillary opinions and orders on executive privilege must remain sealed. It then considers whether it should exercise its discretion under Local Rule 6.1 to release redacted copies of any ancillary documents that may be disclosed.

   A.   Rule 6(e)

Petitioners offer several legal arguments regarding the categories of information that may be disclosed. Those arguments stumble off the starting block.

They first contend that the Government "views the scope of permissible disclosure . . . too narrowly" by failing to account for "the extensive press reporting" on the privilege disputes. Id. at 3. As both this Court and its predecessor have explained, however, public reporting alone does not eliminate Rule 6(e) protections for grand-jury materials. See In

6

re Press App. for Access to Jud. Recs. Ancillary to Certain Grand Jury Proc. Concerning Former President Trump's Commc'ns with His Att'ys (Press App. for Trump's Commc'ns), 687 F. Supp. 3d 132, 137–38 (D.D.C. 2023); In re N.Y. Times Co., 657 F. Supp. 3d 136, 156–57 (D.D.C. 2023), vacated on other grounds sub nom. Cheney, 2024 WL 1739096; In re Reps. Comm. for Freedom of the Press, 2025 WL 92363, at *5 (D.D.C. Jan. 14, 2025). Petitioners concede that principle — as they must — but nevertheless insist that the widespread public reporting about the privilege disputes, in conjunction with the Government's limited disclosures, vitiates the need for continued secrecy. See Pets. Supp. Reply at 3–4.

They are mistaken. As this Court has explained, "Rule 6(e) protections remain intact" absent any "reliable, credible, and authoritative disclosures of grand jury matters." Reps. Comm., 2025 WL 92363, at *6 (quoting N.Y. Times Co., 657 F. Supp. 3d at 152). Disclosures involving media reporting are authoritative when they implicate swaths of details that have already been revealed in official fora, such as judicial proceedings and reports to Congress. Id. at *7 (noting "sustained or repeated" disclosures) (citing In re North, 16 F.3d at 1236–45). Media disclosures are not sufficiently reliable for purposes of Rule 6(e), on the other hand, when the press has merely "pieced together a narrative . . . from public documents and media reports based primarily on unidentified sources" and the Government has declined to comment. Id. (citing Press App. Concerning Trump's Commc'ns, 687 F. Supp. 3d at 137–40). The Government is therefore correct that, under Rule 6(e), only information that has already been revealed by an official source may now be disclosed.

Next, despite Petitioners' insistence (and setting aside any waiver issues), see Pets. Supp. Reply at 4–10, "there is no First Amendment right of access to grand jury proceedings." Dow Jones I, 142 F.3d at 499. The same is true for ancillary judicial proceedings like the ones at issue

7

in this litigation. Under Rule 6(e), whose constitutionality is well established, the press does not have a "'right of access to documents in ancillary proceedings,' regardless of how newsworthy and significant such proceedings may be," as they still implicate grand-jury-secrecy concerns. Press App. for Trump's Commc'ns, 687 F. Supp. 3d at 140 (quoting In re Press App. for Access to Jud. Recs. Ancillary to Certain Grand Jury Proc. Concerning Former Vice President Mike Pence, 678 F. Supp. 3d 135, 140–42 (D.D.C. 2023)); accord Miller II, 493 F.3d at 154 ("[T]here is no First Amendment right of access to grand jury proceedings, nor do First Amendment protections extend to ancillary materials dealing with grand jury matters, such as [a judicial] opinion.") (quotation marks omitted). Petitioners therefore cannot obtain any additional disclosures on First Amendment grounds.

    The only question remaining, then, is to what extent the content of the documents at issue has been revealed by an official source. It is true that the Government has publicly revealed that privilege disputes occurred, that they were extensive, when they took place, and how many witnesses they concerned. As it points out, however, it has not disclosed "the identity of the witnesses involved in these disputes, the factual nature of the disputed testimony, the importance of that testimony to the grand jury investigation, or any other legal disputes that may have been addressed in the opinions and orders." Gov't Supp. Resp. at 9. To that end, the Government asserts that the Court can release "much of [the] legal analysis" of the executive-privilege issue but must continue to redact factual details that have not been revealed publicly by an official source. Id. at 2. The Court, as explained, agrees with that approach. Petitioners have not persuasively explained why they should have access to more, either in light of media reports or under the First Amendment. Having reviewed the Government's redactions, the Court concludes that they appropriately protect what must be kept secret and disclose what need not. For

example, they conceal summaries of witnesses' testimony and judgments on the extent to which their statements were helpful to the grand jury while revealing the Court's legal reasoning in adjudicating the privilege disputes.

The Government has also redacted large portions of the documents that discuss Trump's alleged conduct on and around January 6, as well as topics that were of interest to the grand jury. See, e.g., Redacted Documents, Exh. 2 (Sept. 28 Mem. Op.) at 4–5, 8, 26–27. To be sure, Trump's actions and the subjects of the grand jury's investigation are by now widely known, having been the subject of an indictment and multiple appeals. See United States v. Trump, No. 23-257, ECF No. 1 (Indictment) (D.D.C. Aug. 1, 2023); United States v. Trump, 88 F.4th 990 (D.C. Cir. 2023); Trump v. United States, 603 U.S. 593. The redacted passages nonetheless reveal aspects of the direction and focus of the grand jury that have not been specifically disclosed to the public and therefore must remain secret. See Dow Jones I, 142 F.3d at 500. Petitioners, however, can rest assured that — although they will be denied access to those details here — they are not being deprived of any information that is of "extraordinary public interest and importance." Pets. Supp. Br. at 1.

The Government, however, is not entirely in the clear. Although it has released the bulk of the "opinions and orders on executive privilege" that Petitioners request, see Pets. Supp. Reply at 1 n.2, it has neglected to divulge two documents that may also be unsealed: the order accompanying the Court's March 25, 2023, grant of the Government's motion to compel, and the minute order memorializing its April 10, 2023, denial of Trump's motion to stay pending appeal. See In re Grand Jury Subpoena GJ 20230207-E0107, No. 23-gj-13, ECF No. 16 (Order) (D.D.C. Mar. 25, 2023); id., Minute Order of Apr. 11, 2023. Because those orders simply effectuate the rulings discussed in the corresponding memorandum opinion and hearing transcript that the

9

Government has already disclosed with limited redactions, see Redacted Documents, Exhs. 17 (March 25 Mem. Op.), 18 (Apr. 10 Hr'g Tr.), they do not reveal any still-secret information and consequently may be released with any necessary redactions.

### B. Local Rule 6.1 Considerations

Having established that the two orders discussed above can be released without jeopardizing grand-jury secrecy, the Court turns to whether it should release them at this time. Recall that this discretionary inquiry is rooted in Local Rule 6.1, which states that ancillary grand-jury materials, "or portions thereof, may be made public by the Court . . . on motion of any person upon a finding that continued secrecy is not necessary to prevent disclosure of matters occurring before the grand jury." (Emphasis added). Those discretionary considerations easily counsel in favor of release. The orders do not reveal any additional information beyond what has already been "virtually proclaimed from the rooftops" in the accompanying memorandum opinion and hearing transcript. See Dow Jones I, 142 F.3d at 505. Given the parties' agreement that Petitioners are entitled to opinions and orders revealing the outcome of the privilege disputes, the Court will release the March 25, 2023, Order granting the Government's motion to compel and the April 11, 2023, Minute Order memorializing the Court's denial of Trump's motion to stay pending appeal.

### IV. Conclusion

For the foregoing reasons, the Court will grant in part and deny in part Petitioners' Application. A separate Order so stating will issue this day.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date: July 10, 2025